# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JESUS I. FLORES,

    Petitioner,

vs.

STATE OF NEVADA,

    Respondents.

Case No. 2:14-cv-01629-GMN-VCF

**ORDER**

Before the court are the third amended petition for writ of habeas corpus (ECF No. 28), respondents' motion to dismiss (ECF No. 45), petitioner's opposition (ECF No. 48), and respondents' reply (ECF No. 49). The court finds that petitioner has not exhausted his state-court remedies for ground 2(E). Based upon the representations of petitioner, the court dismisses the ground.

**Exhaustion**

Before a federal court may consider a petition for a writ of habeas corpus, the petitioner must exhaust the remedies available in state court. 28 U.S.C. § 2254(b). To exhaust a ground for relief, a petitioner must fairly present that ground to the state's highest court, describing the operative facts and legal theory, and give that court the opportunity to address and resolve the ground. See Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam); Anderson v. Harless, 459 U.S. 4, 6 (1982).

Ground 2(E) is a claim that trial counsel provided ineffective assistance for not investigating mitigating evidence to present at petitioner's sentencing. In the appeal from the denial of his state post-conviction habeas corpus petition, the Nevada Supreme Court held:

> Fifth, appellant argues that his counsel were ineffective for failing to investigate mitigation evidence and then present such evidence at the sentencing hearing. This claim was not raised in the petition before the district court. Appellant only mentioned this issue in the procedural history portion of his supplemental petition by saying that no mitigation evidence was presented at the sentencing hearing. Appellant did not claim that counsel was ineffective regarding this issue and did not discuss any mitigation evidence that reasonably diligent counsel could have obtained. Therefore, we decline to consider this claim in the first instance on appeal. See Davis v. State, 107 Nev. 600, 606, 817 P.2d 1169, 1173 (1991), overruled on other grounds by Means v. State, 120 Nev. 1001, 1012-13, 103 P.3d 25, 33 (2004).

Ex. 80, at 4-5 (ECF No. 15-9, at 5-6). The Nevada Supreme Court was correct that the state supplemental post-conviction petition mentions the lack of mitigation evidence at sentencing only in the procedural history and not as a claim for relief. See Ex. 63, at 9 (ECF No. 14-38, at 13). "Submitting a new claim to the state's highest court in a procedural context in which its merits will not be considered absent special circumstances does not constitute fair presentation." Roettgen v. Copeland, 33 F.3d 36, 38 (9th Cir. 1994) (per curiam) (citing Castille v. Peoples, 489 U.S. 346, 351 (1989)). Ground 2(E) is not exhausted.

**Procedural Default**

Petitioner argues that the court should consider these grounds technically exhausted because they would be untimely under Nev. Rev. Stat. § 34.726(1) and successive under Nev. Rev. Stat. § 34.810 if he returned to the state courts, and thus the grounds would be procedurally defaulted in this court. Although a state court can excuse those procedural bars upon a showing of cause and prejudice, petitioner also argues that the only argument he has for cause and prejudice to excuse the procedural default—ineffective assistance of post-conviction counsel—is not recognized in Nevada. See Brown v. McDaniel, 331 P.3d 867 (Nev. 2014). Based upon petitioner's concession, the court will consider ground 2(E) to be exhausted but procedurally defaulted.

A federal court will not review a claim for habeas corpus relief if the decision of the state court regarding that claim rested on a state-law ground that is independent of the federal question and adequate to support the judgment. Coleman v. Thompson, 501 U.S. 722, 730-31 (1991).

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

Id. at 750; see also Murray v. Carrier, 477 U.S. 478, 485 (1986). The grounds for dismissal upon which the Nevada Supreme Court relied in this case is an adequate and independent state rule. Loveland v. Hatcher, 231 F.3d 640 (9th Cir. 2000) (Nev. Rev. Stat. § 34.726); Moran v. McDaniel, 80 F.3d 1261 (9th Cir. 1996) (same).

> [W]hen a State requires a prisoner to raise an ineffective-assistance-of-trial-counsel claim in a collateral proceeding, a prisoner may establish cause for a default of an ineffective-assistance claim in two circumstances. The first is where the state courts did not appoint counsel in the initial-review collateral proceeding for a claim of ineffective assistance at trial. The second is where appointed counsel in the initial-review collateral proceeding, where the claim should have been raised, was ineffective under the standards of Strickland v. Washington, 466 U.S. 668 (1984). To overcome the default, a prisoner must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit. Cf. Miller–El v. Cockrell, 537 U.S. 322 (2003) (describing standards for certificates of appealability to issue).

Martinez v. Ryan, 566 U.S. 1, 14 (2012). The Court then re-stated Martinez as a four-part test:

> [W]here (1) the claim of "ineffective assistance of trial counsel" was a "substantial" claim; (2) the "cause" consisted of there being "no counsel" or only "ineffective" counsel during the state collateral review proceeding; (3) the state collateral review proceeding was the "initial" review proceeding in respect to the "ineffective-assistance-of-trial-counsel claim"; and (4) state law requires that an "ineffective assistance of trial counsel [claim] . . . be raised in an initial-review collateral proceeding."

Trevino v. Thaler, 569 U.S. 413, 423 (2013).

There is no dispute that the state habeas corpus proceedings was the initial collateral review proceeding for petitioner's claims of ineffective assistance of counsel, nor is there dispute that Nevada generally requires a claim of ineffective assistance of trial counsel be raised in a post-conviction habeas corpus petition.

Petitioner's argument fails on the first two elements of Martinez. Ground 2(E), again, is a claim that trial counsel provided ineffective assistance because counsel did not present any witnesses or offer any mitigating evidence at sentencing. A petitioner claiming ineffective assistance of counsel must demonstrate (1) that the defense attorney's representation "fell below an objective standard of reasonableness," Strickland v. Washington, 466 U.S. 668, 688 (1984), and (2) that the attorney's deficient performance prejudiced the defendant such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," id. at 694. Nowhere in ground 2(E) does petitioner allege who those witnesses are

or what the mitigating evidence is.  As respondents note, trial counsel did argue for mitigating petitioner's sentence.  Ex. 32, at 6-11 (ECF No. 14-7, at 7-12).  If petitioner had any witnesses or evidence that he thinks trial counsel also should have presented at sentencing, then he needed to allege those facts in his third amended petition.  He did not, and the claim of ineffective assistance of trial counsel in ground 2(E) is insubstantial.

Furthermore, this court appointed counsel nearly a year before petitioner filed the third amended petition.  If, in that time, current counsel could not find witnesses and mitigating evidence to be presented at petitioner's sentencing hearing, then the court cannot expect state post-conviction counsel to have found any witnesses and mitigating evidence.  Post-conviction counsel did not provide ineffective assistance in not raising the claim contained in ground 2(E).

Petitioner has not shown good cause to excuse the procedural default of ground 2(E), and the court dismisses it.

IT IS THEREFORE ORDERED that respondents' motion to dismiss (ECF No. 45) is **GRANTED**.  Ground 2(E) of the third amended petition (ECF No. 28) is **DISMISSED** because it is procedurally defaulted.

IT IS FURTHER ORDERED that respondents shall have forty-five (45) days from the date of entry of this order to file and serve an answer, which shall comply with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts.  Petitioner shall have forty-five (45) days from the date on which the answer is served to file a reply.

DATED: March 14, 2018

_____
Gloria M. Navarro, Chief Judge
United States District Court