UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JESUS I. FLORES,<br><br>                          Petitioner,<br><br>        v.<br><br>STATE OF NEVADA, *et al.*,<br><br>                          Respondents. | Case No. 2:14-cv-01629-GMN-VCF<br><br>ORDER |

I.      **PROCEDURAL HISTORY**

This is a habeas corpus action under 28 U.S.C. § 2254.  On May 31, 2017, Respondents filed a motion to dismiss Ground II(E) from Petitioner's third amended petition because it was procedurally defaulted. (ECF No. 45.)  On March 14, 2018, the Court granted the motion and ordered Respondents to file an answer to the remaining grounds in the third amended petition. (ECF No. 52.)  Respondents filed an answer, and Petitioner filed a reply. (ECF Nos. 53, 63.)

On May 13, 2019, Petitioner submitted a motion to file a fourth amended petition on the grounds that the United States Supreme Court's decision in *McCoy v. Louisiana*, 138 S. Ct. 1500 (2018), which was issued in May 2018, established a new rule of constitutional law, and that Petitioner should be allowed to add new grounds to his petition pursuant to that new rule. (ECF No. 67.)  The Court granted Petitioner's motion, noting that the retroactive application of *McCoy* was being litigated in other cases. (ECF No. 70 at 1-2.)  The Court also stayed this action while Petitioner pursued habeas relief in state court pursuant to the Supreme Court's decision in *McCoy*. (*Id.* at 3.)

In March 2021, Petitioner filed a motion to lift the stay because he had concluded state court proceedings. (ECF No. 75.)  The Court lifted the stay. (ECF No. 77.)  Currently before the Court is Respondents' motion to dismiss Grounds III, IV, and V from Petitioner's fourth amended petition (ECF No. 71) as untimely and procedurally defaulted. ///

(ECF No. 93.)[1] Respondent also argues that Ground II(E), which was previously dismissed from the third amended petition, should also be dismissed from the fourth amended petition.[2]  Petitioner argues that Grounds III, IV, and V are timely and that although they are procedurally defaulted, he can overcome the procedural default.  The Court finds that Grounds III, IV, and V are untimely and dismisses these grounds from the fourth amended petition.

## II.    LEGAL STANDARD

A federal habeas corpus petition is untimely on its face if it violates the one-year statute of limitations imposed by 28 U.S.C. § 2244(d), known as the AEDPA limitations period. The one-year statute of limitations starts on the latest of several events, including "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," and "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."  (*Id.*)  The AEDPA period is tolled if an "application for State post-conviction or other collateral review" is properly filed with the state court clerk, and the period continues to toll while the application remains "pending." 28. U.S.C. § 2244(d)(2).

## III.    DISCUSSION

Respondents argue that Petitioner's one-year AEDPA statute of limitations period started when remittitur from appeal of his first state habeas action and appeal was issued on August 21, 2014. (ECF No. 93 at 6.)  As such, Respondents argue that Grounds III,

---

[1] Petitioner filed an opposition (ECF No. 96), and Respondents filed a reply (ECF No. 102).  Respondents previously filed an unopposed motion for an extension to file their reply.  (ECF No. 101.)  The Court grants this motion and accepts the Respondents' reply.

[2] In the fourth amended petition, the Petitioner reasserts ground II(E), which the Court previously dismissed from the third amended petition.  (ECF No. 71 at 38.) Petitioner did not provide any argument as to whether Ground II(E) should be dismissed from the fourth amended petition, and it appears that Ground II(E) was included in the fourth amended petition in order to preserve the continuity of the pleadings.  (ECF No. 96.)  As the Court has already dismissed this ground as procedurally defaulted, and the Petitioner does not offer any argument for why it should not be dismissed, the Court dismisses Ground II(E) from the fourth amended petition.

1   IV, and V, which were raised in the fourth amended petition on June 17, 2019, are

2   untimely. (*Id.*)

3        Petitioner does not dispute that Grounds III, IV, and V were raised more than 1-

4   year after the judgment in his case became final. (ECF No. 96 at 2-3.) However, Petitioner

5   argues that Grounds III, IV, and V are brought pursuant to a new right recognized in

6   *McCoy v. Louisiana*, 138 S. Ct. 1500 (2018). (*Id.* at 3.) Petitioner argues that these

7   grounds are therefore timely under 28 U.S.C. § 2244(d)(1)(C), which allows for claims

8   brought within one-year of the date on which a new constitutional right was initially

9   recognized by the Supreme Court if the right has been made retroactively applicable to

10  cases on collateral review. (*Id.*)

11       Respondents argue that Grounds III, IV, and V are not true *McCoy* claims. (ECF

12  No. 93 at 6.)  Thus, Respondents argue that 28 U.S.C. § 2244(d)(1)(C) does not apply,

13  and Grounds III, IV, and V are untimely. (*Id.*)

14       The Court need not address the question of whether Grounds III, IV, and V are

15  actual *McCoy* claims because 28 U.S.C. § 2244(d)(1)(C) only applies when a newly

16  recognized right has been "made retroactively applicable to cases on collateral review."

17  When the Court granted Petitioner's motion to file a fourth amended petition, the Court

18  noted that the issue of whether *McCoy* would be applied retroactively was being litigated.

19  The Ninth Circuit has since held that the right recognized in *McCoy* is not retroactive.

20  *Christian v. Thomas*, 982 F.3d 1215, 1225 (9th Cir. 2020).  In *Christian*, the Ninth Circuit

21  addressed whether a petitioner could bring a successive habeas corpus claim pursuant

22  to *McCoy* under 28 U.S.C. § 2244(b)(2)(A), which allows for successive petitions when

23  the successive petition is based on a new rule of constitutional law, which is "made

24  retroactive on collateral review by the Supreme Court." *Christian* F.3d 1215 at 1222.  The

25  Ninth Circuit concluded that "that the Supreme Court has not made *McCoy v. Louisiana*

26  retroactive to cases on collateral review." *Id.* at 1225.

27       Petitioner argues that *McCoy* should apply retroactively, but he does not provide

28  any contrary authority from the Ninth Circuit, the United States Supreme Court, or any

other court to support this argument. (ECF No. 96 at 12.)  Therefore, this Court is bound by the Ninth Court's conclusion in *Christian* that the right recognized *McCoy* is not retroactive.  As such,  28 U.S.C. § 2244(d)(1)(C) does not apply regardless of whether Grounds III, IV, and V are brought pursuant to *McCoy*.  Accordingly, Grounds III, IV, and V are untimely, and the Court dismisses Grounds III, IV, and V from the fourth amended petition.

Because the Court finds that Grounds III, IV, and V are untimely, the Court does not address Respondents' arguments that Grounds III, IV, and V are procedurally defaulted.

**IV.     CONCLUSION**

IT IS THEREFORE ORDERED that Respondents' motion for an extension to file their reply (ECF No. 101) is **GRANTED**.

IT IS FURTHER ORDERED Respondents' motion to dismiss (ECF No. 93) is **GRANTED**. Grounds III, IV, and V of the fourth amended petition (ECF No. 71) are dismissed because they are untimely.  Ground II(E) is dismissed from the fourth amended petitioner as procedurally defaulted.

IT IS FURTHER ORDERED that respondents shall have forty-five (45) days from the date of entry of this order to file and serve an answer, which shall comply with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. Petitioner shall have forty-five (45) days from the date on which the answer is served to file a reply.


DATED THIS   __23__ day of September 2022.

_____
Gloria M. Navarro, Judge
United States District Court